IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JOHN DOE 1, and JOHN DOE 2,<br><br>Plaintiff,<br>v.<br><br>RICHARD MILES and BRENDA MILES,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO FOR LEAVE TO TAKE EARLY DEPOSITIONS<br><br>Case No. 1:18CV00121-JNP-BCW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned by District Judge Jill N. Parrish pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Pending before the court is Plaintiffs' *Alternative Motion for Leave to Take Early Depositions* (the motion).[2] Having considered the parties' memoranda and relevant standards, the court finds the requested leave is not warranted. Accordingly, the motion is DENIED.

## BACKGROUND

This action arises from allegations of abuse perpetrated through a satanic, ritualistic sex ring in Bountiful, Utah in the mid-1980s. In October 2018, Defendants filed a motion to dismiss arguing the Plaintiffs' claims are statutorily barred, and that subsequent amendments cannot retroactively revive the claims.[3] Currently the Utah Supreme Court is reviewing the statute of

---

[1] ECF No. 8.

[2] ECF No. 16. Plaintiffs' motion is styled as an "alternative" motion conditioned upon the district court's "delaying a decision on Defendants' Motion to Dismiss." The undersigned is not reviewing the dispositive motion. Thus, any issues regarding delay of the dispositive motion were not considered in the court's analysis.

[3] ECF No. 4.

limitations issue in *Mitchell v. Roberts*, No. 20170447-SC (Utah S. Ct.).[4] The dispositive motion is pending before the district judge, not the undersigned. In December 2018, Plaintiff filed the "Alternative Motion for Leave to Take Early Depositions," currently before this court.

## DISCUSSION

Pursuant to Rule 30(a)(2)(A)(iii), "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: . . . (iii) the party seeks to take the deposition before the time specified in Rule 26(d)[.]"[5] Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"[6] Here, defendants responded to the Plaintiff's Complaint with a Motion to Dismiss.[7] Thus, it appears the parties have not conferred as per Rule 26(f) since no proposed Attorney Planning Report and/or Scheduling Order appear on the record.

Rule 26(b)(1) and (2) provide the court broad discretion in altering the standard sequence of discovery. However, the party seeking expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for departing from the usual discovery procedures.[8] Good cause exists "where a party seeks a preliminary injunction ... or where the

---

[4] ECF No. 15.

[5] Fed.R.Civ.P. 30(a)(2)(A)(iii).

[6] Fed.R.Civ.P. 26(d).

[7] ECF No. 4.

[8] *See Pod–Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D.Colo.2002).

moving party has asserted claims of infringement and unfair competition."[9]  Good  good cause is also found "where physical evidence may be consumed or destroyed with the passage of time."[10]

None of these factors are at play here.  Plaintiffs' only basis for requesting expedited discovery is the allegation that both Russell M. Nelson and Craig Smith "are of advanced age." Without offering any supporting evidence, Plaintiffs offer the conclusory allegation that failure to allow the expedited discovery will risk "irrepairable prejudice by a delay."[11]  Again, there is nothing on the record to corroborate these claims.  Conclusory allegations are not enough to establish "good cause."  As such, this court has no choice but to DENY Plaintiffs' motion for leave to take early depositions.

**ORDER**

For the reasons set forth above the Court DENIES Plaintiffs' Short Form Discovery Motion [ECF No. 16].

DATED this 15 January 2019.

_____
Brooke C. Wells
United States Magistrate Judge

---

[9] *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003).
[10] *Id.*
[11] ECF No. 16.